# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LIONRA TECHNOLOGIES LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:23-cv-513 |
| | § | |
| APPLE INC., | § | Judge:   Hon. Robert Pitman |
| | § | |
| Defendant. | § | **JURY TRIAL DEMANDED** |

**AGREED SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following Agreed Scheduling Order is issued by the Court:

1. The party asserting claims for relief shall submit a written offer of settlement to opposing parties on or before **October 27, 2023**, and each opposing party shall respond, in writing, on or before **November 17, 2023**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorneys' fees and costs at the conclusion of trial.

2. Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **December 1, 2023**.

3. The parties shall serve initial disclosures on or before **December 1, 2023**.

4. On or before **November 27, 2023**, Plaintiff Lionra Technologies Limited ("Lionra") shall serve a disclosure of asserted claims and preliminary infringement contentions (and accompanying document production) containing the following information: a chart setting forth where in the accused product(s) each element of the asserted claim(s)

1

are found; identification of whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the accused product(s); and the priority date that Plaintiff contends each asserted claim is entitled to, along with all evidence supporting that priority date. To the extent Plaintiff Lionra Technologies Limited seeks to amend its contentions to add additional patent claims, Plaintiff Lionra Technologies Limited must seek leave of Court so the Court can address any scheduling and procedural issues.[1]

5. On or before **February 16, 2024**, Defendant Apple Inc. ("Apple") shall serve its preliminary invalidity contentions in the form of claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Apple shall also include an identification of any limitations that Apple contends are indefinite or lack written description under 35 U.S.C. § 112, and an identification of any claims that Apple contends are directed to ineligible subject matter under 35 U.S.C. § 101. Apple shall also produce all prior art referenced in the invalidity contentions and technical documents, including source code, sufficient to show the operation of the accused products.

6. A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **March 11, 2024**.

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material.

7. The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **July 15, 2024**.

8. The following schedule shall apply to claim construction proceedings in this case:

    a. On or before **March 1, 2024**, the parties shall concurrently exchange a list of claim terms a party believes should be construed by the Court and identify any claim element a party contends should be governed by 35 U.S.C. § 112(f).

    b. On or before **March 15, 2024**, the parties shall concurrently exchange proposed constructions.  At the same time, the parties exchange their respective proposed claim constructions, they must each also exchange a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and a preliminary identification of any expert witnesses they contend support their respective claim constructions.  With respect to any expert witness, the parties must also provide a brief description of the substance of that witness' proposed testimony.

    c. On or before **March 22, 2024**, the parties shall meet and confer to narrow the terms in dispute.

    d. On or before **April 12, 2024**, the parties shall concurrently file their Opening Claim Construction Briefs with supporting evidence, including any declarations of expert witnesses in support of claim construction. The

    page limit for the Opening Claim Construction Briefs shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.[2]

 e. On or before **April 26, 2024**, the parties shall concurrently file their Responsive Claim Construction Briefs with supporting evidence, including any responsive declarations of expert witnesses in support of its responsive positions. The page limit for the Responsive Claim Construction Briefs shall be 20 pages, exclusive of the caption, signature block, any certificate, and exhibits.

 f. The Court shall hold a claim construction hearing on a date to be determined. The Court shall advise the parties whether it wishes to conduct a tutorial in advance of the claim construction hearing.

9. Fact discovery shall open **one (1) business day after the claim construction hearing**.

10. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

11. This case is set for _____ trial commencing at 9:00 a.m. on _____, 20_____. Jury selection may occur the Friday before the case is set for trial.

---

[2] **Lionra's Position:** Lionra contends that it would be more efficient and beneficial for the Court if the parties would follow Judge Albright's claim construction briefing schedule as set forth in his Standing Order Governing Proceedings (OGP) 4.3—Patent Cases. That order provides that Defendant files the opening claim construction brief, Plaintiff files a responsive brief, Defendant files a reply brief, and Plaintiff files a sur-reply brief. Lionra contends that this approach better crystalizes the claim construction disputes for the Court as compared to the concurrent briefing schedule proposed by Apple. Nevertheless, in an effort to limit the disputed scheduling issues for the Court, Lionra is willing to agree to Apple's proposal in this case.

The parties may modify the deadlines in this Order by agreement, with the exception of the dispositive motions deadline and the trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this Order.

Signed on _____, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE